UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS E. COLLINS, JR.;
and HEATHER COLLINS,

                Petitioners,                    5:08-CV-1274

v.                                                  (GTS/GHL)

LAWRENCE JOSEPH FERRARI,

                Respondent,
_____

APPEARANCES:                                       OF COUNSEL:

EDWARD E. KOPKO, LAWYER              EDWARD E. KOPKO, ESQ.
  Counsel for Petitioners
308 North Tioga Street
Ithaca, NY 14850

LAWRENCE JOSEPH FERRARI
  Respondent, *Pro Se*
8 Milestream Road
Upper Saddle River, NJ 07458

HON. GLENN T. SUDDABY, United States District Judge

## AMENDED DECISION and ORDER[1]

---

[1] The Court issued its original Decision and Order in this action on February 9, 2010. (Dkt. No. 10.) That Decision and Order, *inter alia*, mistakenly awarded Thomas E. Collins, Jr., and Heather Collins ("Petitioners") only five percent (5%) interest on an arbitration award of $200,829.05, accruing from August 13, 2003, until payment. (*Id*.) The Court's original intent was to award Petitioners *nine* percent (9%) interest on the arbitration award in question–in accordance with Petitioners' factual allegations and the record evidence presented to the Court. Simply stated, the Court's use of the of the words "five percent (5%) interest" was merely a typographical error. Recently, the Court discovered this typographical error. As a result, the Court hereby amends its Decision and Order of February 9, 2010, so as to *sua sponte* correct the aforementioned clerical mistake, pursuant to Fed. R. Civ. P. 60(a).

This action was filed by Thomas E. Collins, Jr., and Heather Collins ("Petitioners") pursuant to Section 9 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 *et seq.*, to confirm an arbitration award (the "Award") rendered by an arbitrator of the Financial Industry Regulatory Authority ("FINRA") on May 20, 2008, in their favor against Lawrence Joseph Ferrari ("Respondent"). Despite being served with Petitioners' Petition in February of 2009, Respondent never filed a response or appearance in this action. For the reasons set forth below, the Court grants Petitioners' request to confirm the Award, and confirms the Award.

## I.    RELEVANT BACKGROUND

On August 21, 2003, Petitioners commenced an arbitration proceeding against Respondent under the National Association of Securities Dealers ("NASD") regarding a dispute arising out of securities allegedly mismanaged by Respondent. (Dkt. No. 1 at 5-7; Dkt. No. 7, Attach. 1; Dkt. No. 9, at 4-13.) On May 20, 2008, Petitioners obtained from FINRA (which, for all intents and purposes, essentially succeeded NASD after the commencement of Petitioners' arbitration proceeding)[2] an arbitration award in the amount of two hundred thousand eight hundred twenty-nine dollars and five cents ($200,829.05) plus nine percent (9%) interest accruing from August 13, 2003, until payment. (*Id.*)

On November 25, 2008, Petitioners commenced the current action. (Dkt. No. 1.) On February 17, 2009, Petitioner served Respondent with a copy of the Summons and Complaint in this action by leaving a copy of those documents with Respondent's wife at their home. (Dkt.

---

[2]    In July of 2007, FINRA was created through the consolidation of NASD and certain regulatory, enforcement and arbitration functions of the New York Stock Exchange.

No. 4, Attach. 1, at 4-5.)[3]  On October 13, 2009, the Clerk of this Court served a copy of the docket sheet in this action, as well as a Text Order issued by this Court (on October 13, 2009) on Respondent by regular mail at his address 8 Milestream Road, Upper Saddle River, New Jersey 07458.  Despite having received such notice of this action, Respondent failed to file a response, or even an appearance, in this action.  (*See generally* Docket Sheet.)  Moreover, between the entry of the Award on May 20, 2008, and the issuance of the Court's original Decision and Order in this action on February 9, 2010, neither Petitioners nor Respondent took any legal action to suspend, reduce, modify, or otherwise affect the efficacy of the Award.

## II.     GOVERNING LEGAL STANDARDS

### A.     Legal Standard Governing Review of Arbitration Award

"The review of arbitration awards is generally governed by the FAA." *In re Arbitration Before New York Stock Exch., Inc.*, 04-CV-0488, 2004 WL 2072460, at *5 (S.D.N.Y. Sept. 8, 2004) (citing *Halligan v. Piper Jaffray, Inc.*, 148 F.3d 197, 201 [2d Cir. 1998], *cert. denied*, 526 U.S. 1034 [1999]).  "Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (citations and internal quotation marks omitted).  "Pursuant to 9 U.S.C. § 9, any party to an arbitration may apply to a federal court for an order confirming the award resulting from the arbitration, and the court 'must grant . . . an order [confirming the arbitration award] unless the award is vacated, modified, or corrected as prescribed in sections

---

[3]     Fed. R. Civ. P. 4(e)(2)(B).  (*See also* Text Order filed 10/13/2009 [finding Petitioners' service of their Petition on Respondent on 2/17/2009 as having been adequate "notice" for purposes of 9 U.S.C. § 9].)

10 and 11 of this title.'" *In re Arbitration Before New York Stock Exch., Inc.*, 2004 WL 2072460, at *5 (quoting 9 U.S.C. § 9) (other citations omitted).

"The Court of Appeals for the Second Circuit 'adhere[s] firmly to the proposition . . . that an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached.'" *Id*. (quoting *Landy Michaels Realty Corp. v. Local 32B-32J*, 954 F.2d 794, 797 [2d Cir. 1992]) (other citations omitted).

> The FAA provides that an arbitration award may be vacated: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*Id*. at *5-6 (quoting 9 U.S.C. § 10[a]). "The burden of establishing the existence of one of the grounds for vacatur rests with the party seeking that form of statutory relief." *Id*. at *6 (citing *Willemijn Houdstermaatschappij*, 103 F.3d at 12) (other citations omitted).

"In addition to the statutory grounds stated in the FAA, the Second Circuit has recognized that an arbitration award may be vacated 'if it is in manifest disregard of the law.'" *Id*. (quoting *Halligan*, 148 F.3d at 202) (other citations omitted). "Manifest disregard clearly means more than error or misunderstanding with respect to the law." *Id*. (citations omitted). "To vacate an arbitration award on the grounds of manifest disregard of the law, 'a reviewing court must find both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case.'" *Id*. (quoting *Greenberg v. Bear, Stearns & Co.*, 220

4

F.3d 22, 28 (2d Cir. 2000) (other citations omitted).  "Where there is a 'colorable justification' or a 'rational basis' for an award, it is not in 'manifest disregard of the law.'"  *Id*. (citations omitted).  "Review of arbitration awards for manifest disregard is 'severely limited.'"  *Id*. (citations omitted).

      **B.**      **Legal Standard Governing a Party's Failure to Appear in an Action to Confirm an Arbitration Award**

"When a respondent fails to appear, a petition to confirm an arbitration award and any accompanying submissions are 'treated as akin to [an] unopposed motion for summary judgment.'"  *New York City Dist. Council of Carpenters Pension Fund v. Brookside Contracting Co., Inc.*, 07-CV-2583, 2007 WL 3407065, at *1 (S.D.N.Y. Nov. 14, 2007) (citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109-110 [2d Cir. 2006]).[4]  Generally, when a party fails to respond to a motion for summary judgment, the movant's burden on the motion is lightened such that, in order to succeed, it need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden.  *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).

---

      [4]      "Even where one party altogether fails to respond to a motion to vacate or confirm an award . . . district courts should assess the merits of the record rather than merely entering a default judgment." *Travel Wizard v. Clipper Cruise Lines*, 06-CV-2074, 2007 WL 29232, at *2 (S.D.N.Y. Jan. 3, 2007).

### III.    ANALYSIS

As stated above in Part I of this Decision and Order, Petitioners have sought to confirm the Award issued by FINRA on May 20, 2008.  As an initial matter, the Court finds that it has jurisdiction to confirm the Award and enter a judgment in this action, for the reasons stated by the Court in its Text Order of November 20, 2009, and by Petitioners in their letter brief of January 8, 2010, that.  (*See* Text Order filed 11/20/2009; Dkt. No. 9.)  Turning to the merits of Petitioners' request to confirm the Award, the Court finds that Petitioners have met their modest threshold burden on their unopposed request, based on a careful review of the record in this action.  (*See* Dkt. Nos. 1, 4, 7, 9.)  The Court would add only that there appears to be, at the very least, a colorable justification for the outcome reached.  (*Id*.)  Moreover, the Court can find no grounds to vacate the Award.

For all these reasons, the Court grants Petitioners' request to confirm the Award.

**ACCORDINGLY,** it is

**ORDERED** that Petitioners' request to confirm the Award (Dkt. No. 1) is **GRANTED**; and it is further

**ORDERED** that, for the reasons stated above in note 1 of this Amended Decision and Order, the Court's original Decision and Order of February 9, 2010 (Dkt. No. 10) is hereby amended so to *sua sponte* correct, pursuant to Fed. R. Civ. P. 60(a), the clerical mistake of awarding Petitioners only five percent (5%) interest, instead of nine percent (9%) interest, on the arbitration award of $200,829.05, accruing from August 13, 2003, until payment; and it is further

**ORDERED** that the Clerk is directed to enter an Amended Judgment in favor of Petitioners and against Respondent in the amount of two hundred thousand eight hundred twenty-nine dollars and five cents ($200,829.05), plus nine percent (9%) interest pursuant to the terms of the Award, from August 13, 2003, until payment.

Dated: November 9, 2011
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge